IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH CAROVINCI, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:04-CV-1900 |
| | : (JUDGE KOSIK) |
| DR. WASIQUE MIRZA and | : |
| SCRANTON PRIMARY HEALTH | : |
| CARE CENTER | : |
| Defendants. | : |

## **MEMORANDUM**

Before the court is United States Government's (hereinafter "Government") motion for summary judgment pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g) (hereinafter "FSHCAA"), and the Federal Tort Claims Act, 28 U.S.C. § 2679 (hereinafter "FTCA").  The United States Attorney's Office, on behalf of the defendants, contends that the defendants are deemed employees of the Public Health Service and are provided with immunity from suit and medical malpractice liability protection under the FTCA.  The Government further alleges that the plaintiff failed to exhaust the requisite administrative remedies delineated in the FSHCAA and FTCA prior to filing the instant lawsuit.  For the reasons that follow, we will substitute the United States as the party defendant and grant its motion for summary judgment.

**I.     BACKGROUND**

Plaintiff, Joseph Carovinci (hereinafter "Plaintiff"), filed a praecipe for writ of summons in the Lackawanna County Court of Common Pleas on February 2, 2004.  The Government removed the matter to this court on August 26, 2004.  (Doc. 1).  The Government's Notice of Removal cited the FTCA as the basis for jurisdiction in federal court.  Plaintiff filed a complaint on November 18, 2004.  (Doc. 3).

Plaintiff's complaint contends that Dr. Mirza referred plaintiff for physical therapy in November of 1999 as a result of plaintiff's complaints of right leg pain and difficulty walking.  Plaintiff contends that his physical complaints continued after the referral, and by February, 2002, plaintiff was unable to work.  *Plaintiff's Complaint* at § 5-6.   Plaintiff alleges that Dr. Mirza waited until March of 2002 before having plaintiff submit to an EMG/Nerve Conduction Study of his lower extremities.  *Id.* at § 7.  The tests revealed chronic L4-5 radiculopathy with bilateral S-1 radiculopathy and acute S-1 motor lesion.  *Id.*  A March 14, 2002 MRI showed an L4-5 disc herniation.  *Id.* at § 8.  On April 19, 2002 plaintiff underwent a decompression laminectomy at L3-4 and L4-5.  *Id.* at § 10.  Plaintiff asserts a medical malpractice claim based upon, among other allegations, the defendants' failure to timely diagnose plaintiff's condition and refer him to appropriate specialists.  *Id.* at § 14.

The Government has not moved to substitute the United States as a defendant in this action.  Nonetheless, the Government filed a motion for summary

judgment on behalf of the defendants on January 28, 2005. (Doc. 4). In it's motion for summary judgment, the Government asserts that the defendants are deemed employees of the federal government by action of the FSHCAA. It argues that any claims for negligence against defendants, Dr. Wasique Mirza and Scranton Primary Health Care Center (hereinafter "Scranton Primary"), are barred by the FTCA. The Government contends that the FTCA requires a plaintiff to exhaust administrative remedies before filing a complaint. *Brief in Support* at 3 (Doc. 5). Plaintiff did not pursue any administrative claim against the defendants. The Government concludes that plaintiff's action must be dismissed for failure to abide by the claim procedure set forth in the FTCA.

Plaintiff filed a brief in opposition to the Government's motion on February 23, 2005. (Doc. 9). Plaintiff noted that the Government offered no proof of the fact that the defendants treated him pursuant to the provisions of the FSHCAA. *Plaintiff's Brief in Opposition* at 1. He further challenged that the Government failed to produce documentation evidencing that the FTCA applies to the plaintiff's claims.

The Government filed a reply brief in support of its motion on March 22, 2005. (Doc. 10). The Government attached a letter received by Scranton Primary on June 20, 1996, as an exhibit to the reply brief. The Department of Health and Human Services forwarded the letter to Scranton Primary to notify the latter that it was deemed to be an employee of the federal government pursuant to the FSHCAA. *Reply Brief* at Exhibit 2. The letter further indicates that the Health Center was to be provided liability protection under the FTCA. *Id.* The Government additionally attached as an exhibit an affidavit signed by Beverly Dart,

3

an attorney from the Department of Health and Human Services' (hereinafter "DHHS") Department of General Counsel.  Ms. Dart's affidavit states that the Scranton Primary was deemed eligible for FTCA malpractice coverage effective June 23, 1996, and that its coverage has continued without interruption since that date.  *Reply Brief* at Exhibit 1.  The affidavit also notes that Plaintiff filed no administrative tort claims prior to instituting the present lawsuit.  *Id.*  Finally, the affidavit states that Dr. Mirza was an employee of Scranton Primary at all times relevant to Plaintiff's claims.  *Id.*  Plaintiff did not seek to respond to the Government's reply brief and neglected to offer any evidence to challenge the Government's assertion that the defendants were deemed employees of the United States.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  "Facts that could alter the outcome are material facts." *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 197 (3d Cir. 1994), *cert. denied*, 513 U.S. 1022 (1994).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir. 1982). Once the moving party has satisfied its burden, the nonmoving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. Mere conclusory allegations or denials taken from the pleadings are insufficient to withstand a motion for summary judgment once the moving party has presented evidentiary materials. *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). Rule 56 requires the entry of summary judgment if there was adequate time for discovery and a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**III.   DISCUSSION**

    **A.   Immunity And Exclusive Remedy Provisions**

        **1.   The FSHCAA**

The FSHCAA created a scheme pursuant to which some public and non-profit private health care centers receiving federal aid are deemed employees of the United States government, granted immunity from civil actions, and provided

liability coverage under the FTCA. The statute sets forth the procedure pursuant to which a public or non-profit private health center may apply to be deemed an employee of the Public Health Service. 42 U.S.C. §§ 233(g)(1)(D) and 233(g)(4). 42 U.S.C. §§ 233(g)(a) and 233(g)(1)(A). Once the DHHS deems a health center and its employees to be PHS employees, "the employee enjoys absolute immunity from common law tort claims, and an injured party's exclusive remedy is against the government under the FTCA." *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004); *see also* 42 U.S.C. §§ 233(g)(1)(D) and 233(g)(4). The FSHCAA requires that the Attorney General defend any civil action brought in any court against a deemed PHS employee. 42 U.S.C. § 233(b). The statute additionally mandates that the Government remove to federal court any civil action proceeding in state court against a deemed employee. 42 U.S.C. § 233(c).

### 2. The FTCA

The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). The statute states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . .. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for

>    purposes of this section.

28 U.S.C § 2675(a).

The remedy against the United States for injury resulting from an employee's conduct is exclusive of any civil action against the employee. 28 U.S.C § 2679(b)(1). Any other civil action against the employee relating to the same subject matter is precluded. *Id.* In order to provide a defendant with immunity under the FCTA, the government must "certify" that the "employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . .." 28 U.S.C § 2679(d)(1). If a state court proceeding has been filed against a deemed employee who was acting within the scope of his employment, the Attorney General is directed to remove the case to the surrounding district court and the United States shall be substituted as the party defendant. *Id.*

### B. Government Substituted As Party Defendant

As noted above, the Government filed the petition for removal and motion for summary judgment on behalf of the named defendants. The Government has not filed a motion to substitute itself as the party defendant. The FTCA requires that the Government be substituted as the party defendant once the Attorney General certifies that a defendant was acting within the scope of his employment. While the FTCA and FSHCAA are silent as to the procedure for substituting the Government as the defendant in interest, case law supports the proposition that the United States Attorney should file a motion to achieve this result. *See e.g. Celestine v. Mount Vernon Neighborhood Health Center*, _ F.3d _, 2005 WL 730079, 3 (2d Cir.

2005); *see also McLaurin*, 392 F.3d at 777; *see also Rendon v. U.S.*, 98 F.Supp.2d 646, 47 (E.D.Pa. 2000). Requiring the Government to file a motion to substitute itself as the party defendant at this time would serve only to further delay plaintiff's claims for damages. Such a motion would not alter this court's determination of the present motion for summary judgment. Accordingly, we will enter an order substituting the United States as the defendant in interest in accordance with 28 U.S.C § 2679(d)(1) and entertain the Government's motion for summary judgment.

### C.     Plaintiff's Lawsuit Barred By FTCA And FSHCAA

In the instant case, the Government submitted the affidavit of Beverly Dart of the DHHS' General Counsel Office, stating that Scranton Primary was deemed eligible for FTCA malpractice coverage. *Reply Brief* at Exhibit 1. The Government also provided a 1996 letter from the DHHS to Scranton Primary notifying the latter that it was deemed an employee of the federal government pursuant to the FTCA and the FSHCAA. *Reply Brief* at Exhibit 2. Plaintiff responded to the Government's initial motion only. In his brief in response, Plaintiff argued that the Government failed to support the applicability of the FTCA and FSHCAA with any documentation. *Plaintiff's Brief in Opposition* at 1. Plaintiff did not respond to the Government's reply brief and the attached DHHS affidavit and 1996 letter.

Reviewing the record in the light most favorable to Plaintiff, the evidence provided by the Government established that there is no genuine issue of material fact regarding the FSHAA "deemed employee" status of the defendants. Moreover,

8

the Government established that the plaintiff did not file an administrative claim with the DHHS prior to prosecuting the instant lawsuit. As the Government satisfied its burden, Plaintiff is charged with presenting "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. Plaintiff has failed to offer any evidence to counter the documentation submitted by the Government. Rather, Plaintiff's response consists solely of conclusory denials insufficient to withstand a motion for summary judgment. *See Schoch*, 912 F.2d at 657 (holding conclusory allegations or denials insufficient to withstand motion for summary judgment once moving party presents evidentiary materials).

We determine, as a matter of law, that the defendants are deemed to be employees of the PHS. As such, the named defendants are immune from the present suit. *See McLaurin*, 392 F.3d at 777; *see also* 42 U.S.C.A. §§ 233(g)(1)(D) and 233(g)(4); *see also,* 28 U.S.C § 2679(b)(1). We further hold that plaintiff failed to pursue the requisite administrative claims procedure as set forth in the FTCA, specifically 28 U.S.C § 2675(a). Plaintiff's action against the Government is barred by his failure to exhaust those administrative remedies. *See McNeil*, 508 U.S. at 113. Accordingly, we will grant the Government's motion for summary judgment and dismiss plaintiff's claims without prejudice. 28 U.S.C § 2679(d)(5).

## IV.   CONCLUSION

Viewing the record in the light most favorable to Plaintiff, there is no genuine issue of material fact regarding the defendants' status as "deemed employees" of the United States Government. Having neglected to pursue and exhaust the

administrative remedies set forth in the FTCA, plaintiff is barred from seeking redress in the courts.  We will substitute the United States as the defendant in the above matter and grant its motion for summary judgment.  An appropriate order is attached.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH CAROVINCI, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:04-CV-1900 |
| | : (JUDGE KOSIK) |
| DR. WASIQUE MIRZA and SCRANTON PRIMARY HEALTH CARE CENTER | : |
| Defendants. | : |

## **ORDER**

AND NOW, this 26th day of April, 2005, IT IS HEREBY ORDERED THAT:

[1] The United States is substituted as the party defendant in place of defendants, Dr. Wasique Mirza and Scranton Primary Health Care Center, pursuant to 28 U.S.C § 2679(d)(1);

[2] The defendant Government's motion for summary judgment (Doc. 4) is granted;

[3] judgment is entered in favor of the defendant and against the plaintiff; and,

[4] the Clerk of Court is directed to close the case.

                                       s/Edwin M. Kosik
                                       United States District Judge